## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WHEELER R. WINSTEAD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-0997 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 2 |
| | : | | |
| EMC MORTGAGE CORPORATION *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

### MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR A
### TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### I. INTRODUCTION

This matter comes before the court on the *pro se* plaintiff's motion for a temporary restraining order and preliminary injunction. The plaintiff filed a complaint along with the instant motion on May 28, 2009, seeking to prevent the defendants from foreclosing on his real property on June 9, 2009. The plaintiff asserts that the defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the National Housing Act ("NHA"), 12 U.S.C. §§ 1701 *et seq.* Defendants NRT Mid-Atlantic, LLC d/b/a Coldwell Banker Residential Broker ("Coldwell") and EMC Mortgage Corporation ("EMC") filed oppositions to the plaintiff's motion on June 3, 2009. Because the court determines that the plaintiff has failed to demonstrate that he is likely to succeed on the merits of any of his claims, the court denies the motion for injunctive relief.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff is the owner of real property located at 1226 F Street Northeast in the District of Columbia ("the property"), which he acquired on or about April 25, 2005 after executing a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc.  Compl. ¶ 1; Def. EMC's Opp'n at 1.[1]  On September 12, 2008, Diane S. Rosenberg, Mark D. Meyer and John A. Ansell, III were appointed as Substitute Trustees through a Deed of Appointment of Substitute Trustees.  Def. EMC's Opp'n at 2.  On May 20, 2009, Rosenberg sent the plaintiff a letter notifying him that the Substitute Trustees intended to sell the property at a public auction on June 9, 2009 at 10:34 a.m.[2]  Compl., Ex. 6.

The plaintiff then filed suit and submitted the instant motion on May 28, 2009.[3]  The plaintiff asserts that the defendants violated TILA, *see* Compl. ¶¶ 2-7, RESPA, *see id.* ¶¶ 8-10, the FDCPA, *see id.* ¶ 13(1), and the NHA, *see id.* ¶ 13(2).  Upon receipt of the motion on May 29, 2009, the court set an expedited briefing schedule, and defendants Coldwell and EMC filed oppositions to the motion on June 3, 2009.  The plaintiff did not file a reply in support of the motion.

---

[1]  Because the complaint and request for injunctive relief contain little in the way of factual background, the court relies in part on the defendants' factual summaries, which the plaintiff has not contested.

[2]  EMC asserts that the Substitute Trustees had previously scheduled the foreclosure sale for September 16, 2008 and January 21, 2009.  EMC cancelled the September 2008 sale, and the January 2009 sale was cancelled when the plaintiff filed a bankruptcy petition on the day the sale was to go forward.  Def. EMC's Opp'n at 2.

[3]  The complaint, not the motion for injunctive relief, contains the plaintiff's arguments in favor of injunctive relief, and therefore the court will cite to the complaint throughout this Memorandum Opinion.  *See generally* Compl.; Pl.'s Mot.

### III.  ANALYSIS

### A.  Legal Standard for Injunctive Relief

This court may issue interim injunctive relief only when the movant demonstrates "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 128 S. Ct. 2207, 2218-19 (2008)).  It is particularly important for the movant to demonstrate a likelihood of success on the merits.  *Cf. Benten v. Kessler*, 505 U.S. 1084, 1085 (1992) (per curiam).  Indeed, absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999) (internal quotation omitted).

Moreover, the other salient factor in the injunctive relief analysis is irreparable injury.  A movant must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 129 S. Ct. at 375 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).  Indeed, if a party fails to make a sufficient showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors.  *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1986).  Provided the plaintiff demonstrates a likelihood of success on the merits and of irreparable injury, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987).  Finally, "courts of

equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

As an extraordinary remedy, courts should grant such relief sparingly. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The Supreme Court has observed "that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Id.* Therefore, although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly. In addition, any injunction that the court issues must be carefully circumscribed and "tailored to remedy the harm shown." *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990).

### B. The Court Denies the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction

The plaintiff claims that he has satisfied all four prongs required to obtain injunctive relief. Compl. at 18-19. The defendants retort that the plaintiff has failed to show a likelihood of success on the merits because, among other reasons, the claims are time-barred, *see* Def. Coldwell's Opp'n at 2-3; Def. EMC's Opp'n at 4-8, that he will not suffer irreparable injury if the property is foreclosed on, Def. Coldwell's Opp'n at 3; Def. EMC's Opp'n at 8, and that the balance of the hardships and the public interest factors weigh against injunctive relief, Def. Coldwell's Opp'n at 3-4; Def. EMC's Opp'n at 8-9. The court turns now to the question of whether the plaintiff has demonstrated a likelihood of success on the merits.

The complaint first asserts that the defendants violated TILA. Compl. ¶¶ 2-7. As defendant EMC points out, however, *see* Def. EMC's Opp'n at 5, TILA contains a statute of

limitations establishing that "[a]ny [TILA] action . . . may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation," 15 U.S.C. § 1640(e).  A violation of TILA occurs no later than the date of the settlement of the loan.  *Lawson v. Nationwide Mortgage Corp.*, 628 F. Supp. 804, 807 (D.D.C. 1986) (citing *Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1380 (D.C. Cir. 1980)).  In this case, the loan transaction occurred on or about April 25, 2005.  See Compl. ¶ 1; Def. EMC's Opp'n at 1.  Therefore, the plaintiff's TILA claim appears to be time-barred, 15 U.S.C. § 1640(e), and, consequently, he is not likely to succeed on the merits of that claim, *see Miami Bldg. & Constr. Trades Council v. Sec'y of Def.*, 143 F. Supp. 2d 19, 25 (D.D.C. 2001) (holding that because the plaintiff's claim appeared to be barred by the statute of limitations, the plaintiffs had failed to demonstrate a likelihood of success on the merits).

The plaintiff next alleges that the defendants violated RESPA.  Compl. ¶¶ 8-10.  Defendant EMC claims that like TILA, RESPA contains a one-year statute of limitations.  Def. EMC's Opp'n at 5.  RESPA establishes that "[a]ny action pursuant to the provisions of [12 U.S.C. § 2605, 2607, or 2608] may be brought . . . within 3 years in the case of a violation of [12 U.S.C. § 2605] and 1 year in the case of a violation of [12 U.S.C. § 2607 or 2608] from the date of the occurrence of the violation."  12 U.S.C. § 2614.  The complaint cites subsections of both 12 U.S.C. § 2605 and 12 U.S.C. § 2607.  *See* Compl. ¶¶ 8-10.  Accordingly, the plaintiff's § 2605 and § 2607 claims appear to have become time-barred in April 2008 and April 2006 respectively.  *See Simms v. CIT Group/Consumer Fin.*, 2009 WL 973011, at *5 (W.D. Tenn. Apr. 9, 2009) (holding that RESPA's statute of limitations began to run on the date the plaintiff closed the transaction on her mortgage); *Metcalf v. Drexel Lending Group*, 2008 WL 4748134, at

*3 (S.D. Cal. Oct. 29, 2008) (noting that "[t]ypically, in cases involving loan documents, the statute [of limitations] begins to run when the documents are signed unless evidence is presented to override this assumption") (citing *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003)).  Therefore, the plaintiff is not likely to succeed on the merits of his RESPA claims. *See Miami Bldg. & Constr. Trades Council*, 143 F. Supp. 2d at 25.

Finally, the complaint mentions two other statutes: the FDCPA and the NHA.  *See* Compl. ¶ 13(1)-13(2).  Neither the complaint nor the plaintiff's motion, however, offers any explanation as to how the defendants allegedly violated these two statutes.[4]  Therefore, even construing the complaint liberally and assuming that the plaintiff has asserted claims under these statutes, he has failed to establish that he is likely to prevail on either of the claims.  *See Mazurek*, 520 U.S. at 972 (noting that the moving party carries the burden of justifying, by a clear showing, his entitlement to injunctive relief).  As a result, the court concludes that the plaintiff is not entitled to injunctive relief, and it need not address the other three factors of the injunctive relief calculus.  *See Demjanjuk v. Meese*, 784 F.2d 1114, 1117-18 (D.C. Cir. 1986) (declining to reach the issue of irreparable injury and denying the plaintiff's request for injunctive relief because he had failed to demonstrate a likelihood of success on the merits).

---

[4]   The complaint merely states:
> EMC MORTGAGE VIOALTED [*sic*] NUMEROUS FEDERAL LAWS AND STATUTES: 1.  Fair Collection Debt Practices Act (FCDPA) [*sic*] 15 U.S.C. § 1692(d)[;] 2.  12 U.S.C. 1701 x(c)(5) PRE FORECLOSURE HOMEOWNERSHIP COUNSELLING [*sic*] NOTICE : imposes a specific statutory obligation on all creditors across the Unites [*sic*] States who service conventional loans, (non federally- insured home loans) that requires the creditor to send specific notice about access and availability of Home ownership counselling [*sic*] to defaulting home owners within 45 days of home loan payment default.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for a temporary restraining order and a preliminary injunction.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 5th day of June, 2009.

                                              RICARDO M. URBINA
                                            United States District Judge