# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WHEELER R. WINSTEAD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-0997 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 19, 20, 21, 22, 24 |
| | : | | |
| EMC MORTGAGE CORPORATION *et al.*,: | | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTIONS TO DISMISS

## I.  INTRODUCTION

This matter is before the court on the defendants' motions to dismiss.  The plaintiff, the owner of property subject to foreclosure proceedings, asserts that the defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the National Housing Act ("NHA"), 12 U.S.C. §§ 1701 *et seq*.  Because the plaintiff's TILA and RESPA claims are time-barred and because the plaintiff has failed to state cognizable claims under the FDCPA or the NHA, the court grants the defendants' motions to dismiss.


## II.  FACTUAL[1] & PROCEDURAL BACKGROUND

The plaintiff filed suit on May 28, 2009, and simultaneously sought a preliminary injunction to stop foreclosure proceedings on his property.  *See generally* Compl.; Pl.'s Mot. for

---

[1]    The court incorporates by reference the factual summary contained in the court's memorandum opinion dated June 5, 2009, denying the plaintiff's motion for a preliminary injunction.  *See* Mem. Op. (June 5, 2009) at 2.

Prelim. Inj.  On June 5, 2009, the court denied the plaintiff's motion for a preliminary injunction.

*See generally* Mem. Op. (June 5, 2009).  Defendants Rosenberg & Associates, LLC

("Rosenberg") and NRT Mid-Atlantic, LLC d/b/a Coldwell Banker Residential Brokerage

("Coldwell") filed motions to dismiss on June 22, 2009.  *See generally* Rosenberg Mot.;

Coldwell Mot.  The following day defendants EMC Mortgage Corporation ("EMC") and

Fremont Reorganizing Corporation f/k/a Fremont Investment & Loan ("Fremont") filed motions

to dismiss, *see generally* EMC Mot.; Fremont Mot., and defendant Saxon Mortgage Services,

Inc. ("Saxon") filed its motion to dismiss on June 24, 2009, *see generally* Saxon Mot.  The

plaintiff filed a consolidated opposition to the defendants' motions on June 30, 2009.  *See*

*generally* Pl.'s Opp'n.  Coldwell filed a reply in support of its motion on July 13, 2009.  *See*

*generally* Coldwell Reply.  As all motions are now fully briefed, the court turns to the applicable

legal standard and the parties' arguments.


## III.  ANALYSIS

### A.  Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning*

*v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and

plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon

which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003)

(citing Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified

notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial

procedures established by the Rules to disclose more precisely the basis of both claim and

defense to define more narrowly the disputed facts and issues."  *Conley*, 355 U.S. at 47-48

(internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief").  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

**B.   The Court Grants the Defendants' Motions to Dismiss**

**1.   The Plaintiff's TILA and RESPA Claims are Time-Barred**

Each defendant argues that the plaintiff's TILA and RESPA claims are barred by the applicable statutes of limitations. *See* Rosenberg Mot. at 4-5; Coldwell Mot. at 4, 6; Fremont Mot. at 3-4; EMC Mot. at 9; Saxon Mot. at 3. The plaintiff appears to concede that these claims are time-barred when he states that "[p]laintiff conceded in previous motions that both his TILA [c]laims and [s]ome RESPA claims are time barred; case closed." Pl.'s Opp'n at 8. "*But*," the plaintiff continues, the defendants "are legally bound" to respond to his request for a copy of the original note. *Id.* (emphasis added). The plaintiff also continues to discuss the alleged "fraud" in the settlement process. *See generally id.* Because the plaintiff makes substantive arguments despite "conceding" that his claims are time-barred, the court construes his comments as an argument for equitable tolling of the applicable statutes of limitations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that *pro se* pleadings should be held to a "less stringent standard[] than formal pleadings drafted by lawyers"). Neither the TILA nor RESPA statutes of limitations are, however, subject to equitable tolling. *See Hardin v. City Title & Escrow*, 737 F.2d 1037, 1039-41 (D.C. Cir. 1986) (holding that the statutes of limitations contained in both TILA and RESPA are jurisdictional and, therefore, not subject to equitable tolling). The court, accordingly, dismisses the plaintiff's TILA and RESPA claims.

**2.   The Plaintiff Failed to State Claims Under the FDCPA and the NHA**

Coldwell and EMC maintain that they are not "debt collectors" for the purposes of the FDCPA.[2] Coldwell Mot. at 7; EMC Mot. at 5-6. Similarly, Fremont, Rosenberg and Saxon

---

[2]      The FDCPA protects (1) consumers (2) who have been subjected to abusive, deceptive or unfair debt collection practices (3) *by a debt collector* (4) in an attempt to collect a debt. *See* 15 U.S.C. § 1692e-f.

argue that the plaintiff has not alleged that they were subject to the FDCPA and has failed to offer facts explaining how they violated it. Fremont Mot. at 4-5; Rosenberg Mot. at 5; Saxon Mot. at 3. All defendants likewise assert that the plaintiff has not stated sufficient facts to maintain his NHA claim. *See* Rosenberg Mot. at 5; Fremont Mot. at 4-5; EMC Mot. at 6-7; Saxon Mot. at 3.[3]

In response, the plaintiff fails to address any of the defendants' attacks on the sufficiency of his complaint, *see generally* Pl.'s Opp'n, instead repeatedly demands that the defendants produce the original note or deed of trust, *see id*. at 5 (challenging the defendants to "[s]how the original note that [the plaintiff] signed at closing"); *id*. at 8 (alleging that the "core deficit" of the defendants' motions in their failure to answer the question "[w]here is the Note?"); *id*. at 9 (stating that "there are legal issues that can be resolved by the production of the original note").

What the plaintiff fails to understand is that the burden rests on him, at this stage, to allege facts sufficient to support his claim. *See Iqbal*, 129 S. Ct. at 1949 (explaining that "labels and conclusions" are not sufficient and that "the pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555). Because the plaintiff has not articulated facts to support his FDCPA and NHA claims, *see* Mem. Op. (June 5, 2009) at 6; *see generally* Pl.'s Opp'n, the court dismisses those claims.[4]

---

[3]     Coldwell asserts that the NHA claim does not apply to it. Coldwell Mot. at 7. Indeed, the plaintiff agrees, stating that "defendant Coldwell [B]anker in this matter is as irrelevant as a weeks old paper." Pl.'s Opp'n at 10.

[4]     Furthermore, by failing to address the defendants' contentions in his opposition, the plaintiff has conceded that the defendants' arguments. *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (specifying that "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded").

## IV.    CONCLUSION

For the foregoing reasons, the court grants the defendants' motions to dismiss.[5]  An

Order consistent with this Memorandum Opinion is separately and contemporaneously issued

this 22nd day of March, 2010.

RICARDO M. URBINA
United States District Judge

---

[5]    The plaintiff also argues that he has a claim under the theory of "unclean hands."  *See* Compl. at 17; Pl.'s Opp'n at 2.  The court notes that the theory of unclean hands is an affirmative defense, not a cause of action.  *See* CJS EQUITY § 109 (noting that the unclean hands "maxim expresses a principle of inaction rather than action, and may be invoked only to prevent affirmative equitable relief").  Accordingly, any such "claim" is also dismissed.